**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4579**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAKEEM MOLIK-ARTRELL BENNETT,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, Chief District Judge.  (1:24-cr-00304-CCE-1)

Submitted:  April 28, 2026                           Decided:  April 30, 2026

Before WILKINSON and GREGORY, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Eric D. Placke, Federal Public Defender, Kathleen A. Gleason, First Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Emilie Daramola, WAKE FOREST UNIVERSITY SCHOOL OF LAW, Winston-Salem, North Carolina; Dan Bishop, United States Attorney, Julie C. Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jakeem Molik-Artrell Bennett pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court sentenced Bennett to 110 months' imprisonment, the low end of the advisory Sentencing Guidelines range. On appeal, Bennett's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no potentially meritorious grounds for appeal but questioning whether Bennett's sentence is substantively reasonable. Though notified of his opportunity to do so, Bennett has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver in Bennett's plea agreement. We dismiss in part and affirm in part.

We first conclude that, with certain exceptions inapplicable here, Bennett has waived his right to appeal his conviction and sentence. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appeal waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016).

An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. *Id.* at 169. "To determine whether a defendant knowingly and voluntarily agreed to waive his appellate rights, we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *United States v. Carter*, 87 F.4th 217, 224 (4th Cir. 2023). "Generally, . . . if a district court questions a defendant regarding the waiver of appellate

3

rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).  Based on the totality of circumstances in this case, we conclude that Bennett knowingly and voluntarily entered his guilty plea and understood the waiver.

We therefore grant the Government's motion to dismiss, in part, and dismiss the appeal as to all issues falling within the scope of the broad appeal waiver in Bennett's plea agreement.  In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waiver and have found none.  Accordingly, we deny the Government's motion, in part, as to any issues falling outside the scope of the appeal waiver, and affirm the criminal judgment in part.

This court requires that counsel inform Bennett, in writing, of the right to petition the Supreme Court of the United States for further review.  If Bennett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Bennett.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4